IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMMY R. McDONOUGH,

           Plaintiff,

      vs.                                    Case No. 06-1370-JTM

MICHAEL J. ASTRUE,
Commissioner of Social Security

           Defendant.

**MEMORANDUM AND ORDER**

Presently before this court is plaintiff Tammy McDonough's (McDonough) petition for review of a final decision of the Commissioner of Social Security (Dkt. No. 12). McDonough's application for Social Security disability benefits was denied on June 23, 2006, upon the determination by the Administrative Law Judge (ALJ) that McDonough was not disabled under sections 216(I) and 223(d) of the Social Security Act. For the following reasons, this court denies the appeal and affirms the decision of the ALJ.

**I. Background**

On May 15, 2003, McDonough protectively filed an application for a Period of Disability and Disability Insurance Benefits, alleging that she had a disability that began on December 1, 2002. The claim was denied initially on September 10, 2003, as well as upon reconsideration on May 14, 2003. McDonough then timely filed a request for hearing, at which her claims were

again denied on June 23, 2006.  McDonough's request for review of this decision was denied by the Appeals Council on October 12, 2006, rendering the ALJ decision the final decision of the Commissioner of Social Security.  McDonough then timely filed a complaint with this court (Dkt. No. 1).

McDonough claims that the record shows that she suffers from impairments of such severity and duration as to constitute a disability within the meaning of the Social Security Act, which would entitle her to Social Security disability benefits.  Specifically, she contends that the ALJ's credibility determination did not follow the regulations and did not properly account for her symptoms.

McDonough, who was born in 1968, claims that she became disabled due to problems with her eyes in 2002, when she was 34 years old.  Specifically, McDonough suffers from pseudotumor cerebri with optic atrophy and headaches, which can cause significant visual defects.  (Tr. 14).  McDonough has a high school education, and completed training as a certified nurse's aide (CNA).  (Tr. 18).  She has previously worked as a certified medical assistant (CMA)/CNA, cashier, and housekeeper.  (Tr. 111-16).  She has cited a variety of ailments, including loss of peripheral vision, grayness to all her vision, blank spots in her vision, some lost ability to see colors, and headaches.  (Tr. 95).  The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 12-19) and set forth in the argument sections of the briefs of McDonough (Dkt. No. 12) and the Commissioner (Dkt. No. 14).

The ALJ concluded that McDonough had engaged in substantial gainful activity until June 20, 2003, and that she suffered from the severe impairment of pseudotumor cerebri with

2

optic atrophy and headaches, which she treated with Ibuprofen. (Tr. 14). Nonetheless, the ALJ found that McDonough did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15). Specifically, the ALJ found that, after careful consideration of the entire record:

> [McDonough] is not significantly limited from a physical point of view. No medical professional has ever placed any mechanical restrictions on the claimant of any kind. There is nothing to indicate that [she] could not engage in medium work, or work which requires lifting and/or carrying 50 pounds occasionally and 25 pounds frequently, sitting 6 hours in an 8-hour workday, and standing and/or walking 6 hours in an 8-hour workday. [Her] near visual acuity is limited to occasional in the left eye, her field of vision is limited, she has limited ability to distinguish colors that are closely related, she should limit her driving to daytime driving, and she should avoid hazards from the sides. In addition, [she] would miss 1-2 days of work per month due to headaches. (Tr. 16).

The ALJ found that although McDonough could not perform past relevant work and had no transferable skills, she could perform other work that exists in significant numbers in the economy, including the jobs of kitchen helper, copy messenger/routing aide, storage facility rental clerk, and counter attendant. (Tr. 18-19).

## II. Legal Standard

This court's review is guided by the Social Security Act, which provides, in part, that the "findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Accordingly, the court must determine whether the factual findings of the Commissioner are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but less than a preponderance; in short, it is such evidence as a reasonable mind might accept to support the conclusion. *Castellano v. Sec'y*

of Health and Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994); *Gossett v. Bowen*, 862 F.2d 804 (10th Cir. 1988).  The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *White*, 287 F.3d at 905 (quoting *Casias v. Sec'y of Health and Human Serv.*, 933 F.2d 799, 800 (10th Cir. 1991)).

An individual is under a disability only if that individual can "establish that she has a physical or mental impairment which prevents her from engaging in substantial gainful activity and is expected to result in death or to last for a continuous period of at least twelve months."  *Brennan v. Astrue*, 501 F. Supp. 2d 1303, 1306-07 (D. Kan. 2007) (citing 42 U.S.C. § 423(d)).  The impairment must be severe enough that she is unable to perform her past relevant work, and further cannot engage in other substantial gainful work existing in the national economy, considering her age, education, and work experience.  *Barnhart v. Walton*, 535 U.S. 212, 217-22 (2002); 20 C.F.R. § 416.920 (2005).

Pursuant to the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004); 20 C.F.R. § 404.1520(a) (2003).  The steps are followed in order, and if it is determined that the claimant is or is not disabled at a step of the evaluation process, evaluation under a subsequent step is unnecessary.

The first three steps require the Commissioner to assess whether claimant has engaged in substantial gainful activity since the alleged onset of the disability, whether she has severe impairments, and whether the severity of her impairments meets or equals a specific list of impairments.  *Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988).  If the impairment does not meet or equal a listed impairment, the ALJ must determine the claimant's residual functional

capacity (RFC), which is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.  20 C.F.R. § 416.920(e).

Upon assessing the claimant's RFC, the Commissioner can then move on to steps four and five, which require assessing whether the claimant can perform her past relevant work and whether she can generally perform other work in the national economy.  *Williams*, 844 F.2d at 751.  The claimant bears the burden throughout steps one through four to prove a disability that prevents performance of past relevant work.  *Dikeman v. Halter*, 245 F.3d 1182, 1184 (10th Cir. 2001).  The burden then shifts to the Commissioner at step five to show other jobs in the national economy that are within the claimant's capacity to perform.  *Haddock v. Apfel*, 196 F.3d 1084, 1088 (10th Cir. 1999).

### III.  Analysis

In this case, McDonough argues that the Commissioner failed to carry his burden at step five because the ALJ's abbreviated credibility analysis did not account for the criteria listed in the regulations, and is not supported by the substantial evidence of the record.  Further, McDonough claims that the Commissioner failed to have her condition analyzed by the appropriate medical expert.  Essentially, McDonough asserts that the ALJ invoked the improper credibility analysis by discounting her testimony due to his view of the severity of the objective medical evidence and her activities of daily living.  The Commissioner responded by arguing that the ALJ followed the proper analysis in consideration of her complaints, and that the ALJ properly considered McDonough's credibility pursuant to the guidelines.

At step five, the ALJ concluded that McDonough could perform a significant number of light, unskilled occupations that exist in the national economy.  McDonough contends that the

ALJ erred in not fully crediting her symptoms. Because the ALJ is "optimally positioned to observe and assess witness credibility," the court may only overturn an ALJ credibility determination when there is a conspicuous absence of credible evidence to support it. *Adams v. Chater*, 93 F.3d 712, 715 (10th Cir. 1996). Further, "[a] claimant's subjective allegation of pain is not sufficient in itself to establish disability." *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). Rather, "[b]efore the ALJ need even consider any subjective evidence of pain, the claimant must first prove by objective medical evidence the existence of a pain-producing impairment that could reasonably be expected to produce the alleged disabling pain." *Id.* (citations omitted).

Based on that standard, this court does not find error in the ALJ's findings. The ALJ followed the proper analysis in consideration of McDonough's complaints, and explicitly noted that the consultative medical examinations supported the finding that McDonough could perform light work. The ALJ cited legitimate and sufficient rationales for discounting McDonough's claims, specifically the opinions of medical personnel, the long and successful treatment of headache pain with simple ibuprofen, the lack of significant progression in her condition, and her activities of daily living. In sum, the ALJ's finding is supported by substantial evidence in the record, and the decision is hereby affirmed.

IT IS ACCORDINGLY ORDERED this 26th day of February, 2008, that the present appeal is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE